UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CPM CORPORATION LIMITED,

                        Plaintiff,      09 CV

-v-

                                                        **VERIFIED COMPLAINT**

LIZI SHIPPING (HONG KONG) LIMITED,
                        Defendant.
------------------------------------------------------------x

       Plaintiff, CPM CORPORATION LIMITED (hereinafter "CPM CORPORATION"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, LIZI SHIPPING (HONG KONG) LIMITED (hereinafter "LIZI SHIPPING"), alleges upon information and belief as follows:

## JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.    At all times material hereto, Plaintiff, CPM CORPORATION LIMITED, was and still is a foreign business entity.

       3.    At all times material hereto, Defendant, LIZI SHIPPING, was and still is a foreign business entity duly organized and existing pursuant to the laws of Hong Kong, with a principal place of business at: Flat G, 22/F, Block 14, Lung Mun Oasis, Tuen Mun, N.T.

Chalos & Co. Ref: 2099.002

## AS A FIRST CAUSE OF ACTION

4. On May 13, 2008, CPM CORPORATION, as owners, and LIZI SHIPPING, as Charterers, entered into a Contract of Affreightment (hereinafter "COA") whereby Charterers agreed to supply approximately three hundred and forty thousand (340,000) cubic meters of equipment from one safe berth port Shanghai, China to one safe berth port Vishakhapatnam, India. *A copy of the COA is annexed hereto as Exhibit 1.*

5. This COA is a maritime contract.

6. Pursuant to the terms and conditions agreed between the parties in the COA, the shipping period began from mid-2008

7. Additionally, the terms of the COA require Defendant LIZI SHIPPING to pay a freight rate of US$ 44 per cubic meter on FILO terms and for additional freight allowance of US$ 100,000 for the carriage of each unit of one hundred fifty four (154) meter tons stator.

8. To date, Defendant LIZI SHIPPING has provided only three (3) shipments to CPM CORPORATION, totaling cargo quantity of not more than twenty-five thousand (25,000) cubic meters, approximately seven percent (7%) of the total equipment due under the COA. Accordingly, it will not be possible for LIZI SHIPPING to perform its obligations in compliance with the COA.

9. Further, Plaintiff has learned that, after entering into the COA, LIZI SHIPPING has chartered numerous vessels on a voyage basis for equipment cargos, however did not provide any further shipments to CPM CORPORATION, as required by the COA.

10. Despite demands by CPM CORPORATION to the Defendant, and Defendant's promises to provide equipment according to the terms of the COA, Defendant, in breach of the terms of the agreement, has failed, neglected, and/or otherwise refused to pay Plaintiff for the full amount of funds due. To date, the total amount of freight charges due and owing to CPM CORPORATION by the Defendant is US$4,914,000.00.[1]

11. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to China arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$1,477,106.27.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

13. Plaintiff intends to immediately refer the dispute to China arbitration. As best as can now be estimated, Plaintiff CPM CORPORATION expects to recover the following amounts from Defendant if it proceeds to China arbitration:

| | | |
|---|---|---|
| A. | Principal claim of Freight Charges: | *$4,914,000.00* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | *$ 1,227,106.27* |
| C. | Estimated attorneys' fees: | *$ 100,000.00* |
| D. | Estimated arbitration costs/expenses: | *$ 150,000.00* |

---

[1] This value is determined by taking the difference between the COA rate (US$ 44/mt) and the current market value (US$ 28/mt) multiplied by the amount of equipment not delivered (340,000 – 25,000 = 315,000 mt). $16/mt x 315,000mt = $5,040,000.00. In addition, this value is multiplied by 0.975, so as to account for commissions already paid; US$5,040,000.00 x (0.975) = US $4,914,000.00.

          **Total Claim**                          $ 6,391,106.27

14.    Therefore, CPM CORPORATION's total claim for breach of the maritime contract against the Defendant is in the aggregate US$6,391,106.27.

## BASIS FOR ATTACHMENT

15.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

16.    Defendant is continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

17.    Defendant LIZI SHIPPING's primary banking relationships include but are not limited to the following banks: Deutsche Bank, HSBC (USA), Standard Chartered Bank. *Copies of three (3) bank inward advises where Defendant LIZI SHIPPING is the remitter are attached hereto as Exhibit 2.*

18.    All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers

4

19. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 3*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due

and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$6,391,106.27 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       September 18, 2009

                         CHALOS & CO, P.C.
                         Attorneys for Plaintiff
                         CPM CORPORATION LIMITED

By: _____
                         George M. Chalos (GC-8693)
                         123 South Street
                         Oyster Bay, New York 11771
                         Tel: (516) 714-4300
                         Fax: (516) 750-9051
                         Email: gmc@chaloslaw.com

# EXHIBIT 1

FROM : LIZI SHIPPING              FAX NO. : 86 21 58523190              May. 13 2008 17:40    F

刘晓东先生

# CONTRACT OF AFFRIGHTMENT

13TH/MAY/2008

IT IS ON THIS DAY MUTUALLY AGREED AND CONFIRMED BETWEEN OWNER AND CHARTERER UNDER THE FOLLOWING TERMS AND CONDITIONS :

--TTL ABOUT 340,000CBM, 120,000MT EQUIPMENTS (OVER 40MT UNITS:
10 UNITS STATOR, EACH ABOUT 154MT, 12.22*3.77*3.8 = 175.06CBM;
10 UNITS BOILER, EACH ABOUT 75MT, 16.19*3*2.46 = 119.48CBM
10 UNITS TANKER, EACH ABOUT 50MT, 14.5*3.7*3.8 = 203.87CBM
10 UNITS ROTOR, EACH ABOUT 49MT, 7.9*2.2*2.2 = 38.24CBM
--1SBP SHANGHAI, INTENTION TERMINAL NO.10/1SBP VISHAKHAPATNAM, OWRS BERTH
--SHIPPING PERIOD: MID 2008 TO BEGAIN 2011
--L/D RATE: CQD BENDS
--FRT : USD44/CBM ON FILO TERMS + USD100,000 FULL LINER TERMS H/H FOR EACH UNIT 154MT STATOR
--FULL FRT TO BE PAID TO OWRS' NOMINATED BANK W/I 5 BANKING DAYS ACOL N BEFORE S/R B/L. FRT DEEMED EARNED UPON COMPLETION OF LOADING, DISCOUNTLESS N NON-RETURNABLE WHETHER SHIP N/O CARGO LOST OR NOT LOST.
--DETENTION CHG: CHTRS PAY TO OWR USD(1 * VSL'S DWT) PDPR APPLIES IN CASE CGO N/O DOCUS NON-READINESS UPON VSLS ARRIVING AT BENDS
--PART CGO ON DECK AT OWRS OPTION
--L/S/D IF ANY TBF CHTRS A/C
--SHORE CRANE / FLOATING CRANE CHG IF ANY TBF CHTRS A/C IN L/PORT, SHORE CRANE / FLOATINGCRANE CHG IF ANY TBF OWRS A/C IN DIS/PORT.
--OWRS' AGENTS BENDS
--TAXES/DUES IF ANY ON SHIP/FRT TO BE FOR OWRS' ACCT, SAME ON CGO TO BE ON CHTRS' ACCT.
--DOCKSIDE TALLY ON CHTRS' ACCT, SHIPSIDE TALLY ON OWRS' ACCT.
--GENERAL AVERAGE TB SETTLED AS PER YORK-ANTWERP RULES 1974
--ARBI IF ANY IN CHINA AND ENGLISH LAW TO APPLY.
--COMM. 2.5% TTL
--OTHER TERMS AS PER GENCON C/P 1994

FOR AND ON BEHALF OF CHARTERERS:          FOR AND ON BEHALF OF OWNERS:

                                          For and on behalf of
                                          CPM CORPORATION LIMITED

                                          ...............................
                                          Authorized Signature(s)

FROM : LIZI SHIPPING          FAX NO. : 86 21 58523190          May. 14 2008 16:10    P1

14/05 2008 13:59 FAX                                                           ☒003

FROM : LIZI SHIPPING          FAX NO. : 86 21 58523190          May. 13 2008 17:40

刘晓民总经

# CONTRACT OF AFFRIGHTMENT

13TH/MAY/2008

IT IS ON THIS DAY MUTUALLY AGREED AND CONFIRMED BETWEEN OWNER AND CHARTERER UNDER THE FOLLOWING TERMS AND CONDITIONS :

--TTL ABOUT 340,000CBM, 120,000MT EQUIPMENTS (OVER 40MT UNITS:
10 UNITS STATOR, EACH ABOUT 154MT, 12.22*3.77*3.8 = 175.06CBM;
10 UNITS BOILER, EACH ABOUT 75MT, 16.19*3*2.46 = 119.48CBM
10 UNITS TANKER, EACH ABOUT 50MT, 14.5*3.7*3.8 = 203.87CBM
10 UNITS ROTOR, EACH ABOUT 49MT, 7.9*2.2*2.2 = 38.24CBM
--1SBP SHANGHAI, INTENTION TERMINAL NO.10/1SBP VISHAKHAPATNAM, OWRS BERTH
--SHIPPING PERIOD: MID 2008 TO BEGAIN 2011
--L/D RATE: CQD BENDS
--FRT : USD44 CBM ON FILO TERMS + USD160 000 FULL LINER TERMS H/H FOR EACH UNIT 154MT STATOR
--FULL FRT TO BE PAID TO OWRS' NOMINATED BANK W/I 5 BANKING DAYS ACOL N BEFORE S.R B L. FRT DEEMED EARNED UPON COMPLETION OF LOADING, DISCOUNTLESS N NON-RETURNABLE WHETHER SHIP N/O CARGO LOST OR NOT LOST.
--DETENTION CHG: CHTRS PAY TO OWR USD(1 * VSL'S DWT) PDPR APPLIES IN CASE CGO N/O DOCUS NON-READINESS UPON VSLS ARRIVING AT BENDS
--PART CGO ON DECK AT OWRS OPTION
--L/S/D IF ANY TBF CHTRS A/C
--SHORE CRANE , FLOATING CRANE CHG IF ANY TBF CHTRS A/C IN L/PORT, SHORE CRANE  FLOATINGCRANE CHG IF ANY TBF OWRS A/C IN DIS/PORT
--OWRS' AGENTS BENDS
--TAXES/DUES IF ANY ON SHIP/FRT TO BE FOR OWRS' ACCT, SAME ON CGO TO BE ON CHTRS' ACCT.
--DOCKSIDE TALLY ON CHTRS' ACCT, SHIPSIDE TALLY ON OWRS' ACCT.
--GENERAL AVERAGE TB SETTLED AS PER YORK-ANTWERP RULES 1974
--ARBI IF ANY IN CHINA AND ENGLISH LAW TO APPLY.
--COMM. 2.5% TTL
--OTHER TERMS AS PER GENCON C/P 1994

FOR AND ON BEHALF OF CHARTERERS:          FOR AND ON BEHALF OF OWNERS:

For and on behalf of
LIZI SHIPPING (HONG KONG) LIMITED          For and on behalf of
立志船务（香港）有限公司                    CPM CORPORATION LIMITED

.............................                ..............................
    Authorized Signature                      Authorized Signature

# EXHIBIT 2



HONG KONG     GPOWC21

Page: 1
M
Date:  29 September 2008

Account number 戶口號碼:  400-529111-838

Dear Customer

### Inward remittances advice

Transaction reference:  TT  CATB080929002591
Your reference:

We have credited your account with the amount of a telegraphic transfer:

| | | | |
|---|---|---|---|
| Transaction date: | 29 Sep 2008 | | |
| Remittance amount: | USD224,841.06 | Commission: | HKD55.00 |
| Exchange rate: | | Overseas charges: | |
| Amount credited: | USD224,833.97 | Total charges: | USD7.09 |
| Credited account: | 400-529111-838 (FCY) | | |

| Contract details | Contract 1 | Contract 2 | Contract 3 |
|---|---|---|---|
| Contract number: | | | |
| Contract take up amount: | | | |
| Contract take up rate: | | | |
| Residue amount: | | Residue rate: | |

Remitting bank:                          Payment details :
STANDARD CHARTERED BK         /RFB/221OR08010729
NEW YORK U S A                         PHEATON FREIGHT V05 V06

By order of :                               Bank to bank information:
LIZI SHIPPING (HONG KONG) LIMITED    /OCMT/USD224856.06/

Beneficiary:

Notes: The amount credited is subject to final settlement. If there are any additional charges, we will debit such charges to your account and advise you regarding the same.

This is a computer-generated letter and no signature is required.

08 REMADV0013

# Standard Chartered

Date 日期        : 04 Feb 2009
Our Ref. 參考編號 : PTS/XP0180/20090205

HONG KONG

A000229

Dear Customer,
親愛的客戶：

## Inward Payment Customer Advice
## 匯入匯款通知書

Please be advised that we have received a payment in your favour with details as follows:
本行已代閣下收取以下之匯款，細則如下：

| | |
|---|---|
| Reference No.<br>參考編號 | : 2021T09020402416 |
| Remitting Bank<br>承匯銀行 | : DEUTSCHE BK TR CO AMERICA N Y |
| Remitting Bank Reference<br>承匯銀行編號 | : C273370OCP020409 |
| Remitter/Ordering Bank<br>匯款人 | : LIZI SHIPPING (HONG KONG) LIMITED<br>ADD:FLAT/RM 602 WORKINGPORT COMM |
| Details of Payment<br>匯款資料 | : MV KING HONOR FREIGHT |
| Transaction Type Code<br>交易類別 | : |

In accordance with the instruction given, your account has been credited as below:
根據有關指示，本行已將款項存入閣下之戶口，詳情如下：

| | | | |
|---|---|---|---|
| Account Number<br>戶口號碼 | : (USD)  447-1-684078-5 | | |
| Remittance Amount<br>匯入金額 | : USD  289,696.80 | Instructed Amount<br>本金 | : USD  289,711.80 |
| Less: Service Fee<br>匯款手續費（於款額內扣除） | : USD  7.09 | Sender Bk Charges<br>匯款銀行手續費 | : USD  15.00 |
| Net Proceeds<br>扣除手續費後之款額 | : USD  289,689.71 | | |
| Exchange Rate<br>匯率 | : 0.0000 | Sender Bk Exchange Rate<br>匯款銀行匯率 | : |
| Credited Amount<br>存入款項 | : USD  289,689.71 | | |

We are always pleased to be of service to you. If you have any enquiries, please call 2886 8868 and then press 2,*,4. For corporate customers have an access code, you can call 2802 7888 + access code for assistance.
本行樂意隨時為閣下提供一切所需之服務。如有任何查詢，請致電下列號碼：2886 8868（廣東話按1、*、4；普通話按3、*、4）：如公司客戶持有專用號碼，或可從2802 7888+專用號碼。
N.B. Standard Chartered Bank (HK) Ltd accepts no responsibility for any delay, error or omission which may occur in the transmission of the message or from its misinterpretation when received.
備註：本行恕不因發出電郵匯證生延誤或於收取電訊時發生而負上任何責任。
This is a system generated advice and requires no signature.
此乃電腦印印件，本行恕不簽署。

Standard Chartered Bank (Hong Kong) Limited  渣打銀行(香港)有限公司

P000229

# Standard Chartered

Date 日期            : 27 Feb 2009
Our Ref. 參考編號    : PTS/XP0180/20090228

HONG KONG

A000261

Dear Customer,
親愛的客戶：

## Inward Payment Customer Advice
## 匯入匯款通知書

Please be advised that we have received a payment in your favour with details as follows:
本行已代閣下收取以下之匯款，細則如下：

| | |
|---|---|
| Reference No.<br>參考編號 | : 202IT09022703634 |
| Remitting Bank<br>承匯銀行 | : DEUTSCHE BK TR CO AMERICA N Y |
| Remitting Bank Reference<br>承匯銀行編號 | : C663118OCP022709 |
| Remitter/Ordering Bank<br>匯款人 | : LIZI SHIPPING (HONG KONG) LIMITED<br>ADD:FLAT/RM 602 WORKINGPORT COMM |
| Details of Payment<br>匯款資料 | : MV PHEATON FREIGHT |
| Transaction Type Code<br>交易類別 | : |

In accordance with the instruction given, your account has been credited as below:
根據有關指示，本行已將款項存入閣下之戶口，詳情如下：

| | | | | |
|---|---|---|---|---|
| Account Number<br>戶口號碼 | : (USD) | 447-1-684078-5 | | |
| Remittance Amount<br>匯入金額 | : USD | 377,304.54 | Instructed Amount<br>本金 | : USD 377,319.54 |
| Less: Service Fee<br>匯款手續費（於款額內扣除） | : USD | 7.09 | Sender Bk Charges<br>匯款銀行手續費 | : USD 15.00 |
| Net Proceeds<br>扣除手續費後之款額 | : USD | 377,297.45 | | |
| Exchange Rate<br>匯率 | : | 0.0000 | Sender Bk Exchange Rate<br>匯款銀行匯率 | : |
| Credited Amount<br>存入款項 | : USD | 377,297.45 | | |

We are always pleased to be of service to you. If you have any enquiries, please call 2886 8868 and then press 2,*,4. For corporate customers have an access code, you can call 2902 7888 + access code for assistance.
本行隨時樂意為閣下提供一切所需之服務，如有任何查詢，請致電下列號碼：2886 8868（廣東話按1、*、4；普通話按3、*、4）；如公司客戶持有專用號碼，或可電 2802 7888＋專用號碼。
N.B. Standard Chartered Bank (HK) Ltd accepts no responsibility for any delay, error or omission which may occur in the transmission of the message or from its misinterpretation when received.
備註：本行恕不因發出匯款通知書發生延誤或收取匯款通知時誤解而負上任何責任。
This is a system generated advice and requires no signature.
此乃電腦列印作件，本行恕無簽署。

Standard Chartered Bank (Hong Kong) Limited 渣打銀行(香港)有限公司

P000261

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CPM CORPORATION LIMITED,

                                 Plaintiff,      09 CV

-v-

                                        **ATTORNEY'S DECLARATION THAT DEFENDANT CANNOT BE FOUND IN THE DISTRICT**

LIZI SHIPPING (HONG KONG) LIMITED,

                                Defendant.
-------------------------------------------------------------------x

      This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, CPM CORPORATION LIMITED, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

      Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

      I am a Member of the firm of Chalos & CO, P.C., attorneys for Plaintiff in the above referenced matter.

      I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, LIZI SHIPPING (HONG KONG) LIMITED, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      I have personally inquired or have directed inquiries into the presence of the defendant in this District.

Chalos & Co. Ref: 2099.002              1

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of September 18, 2009, the defendant are not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.
I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant are found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
September 18, 2009

                Chalos & CO, P.C.
                Attorneys for Plaintiff
                CPM CORPORATION LIMITED

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CPM CORPORATION LIMITED,

                              Plaintiff,                    09 CV

-v-

                                                       **VERIFICATION OF**
                                                       **COMPLAINT**

LIZI SHIPPING (HONG KONG) LIMITED,
                              Defendant.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, CPM CORPORATION LIMITED, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
           September 18, 2009

                                       CHALOS & CO, P.C.
                                       Attorneys for Plaintiff
                                       CPM CORPORATION LIMITED

                     By:     _____
                                       George M. Chalos (GC-8693)
                                       123 South Street
                                       Oyster Bay, New York 11771
                                       Tel: (516) 714-4300
                                       Fax: (516) 750-9051
                                       Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2099.002